GERARD BEEKMAN and JAMES WILLIAM BEEKMAN, as Trustees of the Estate of JAMES W. BEEKMAN, Deceased, and as Individuals, Appellants, *v.* SUSAN VAN DOLSEN, as Executrix, etc., of ABRAHAM VAN DOLSEN, Deceased, Respondent.

*Counterclaim — against the plaintiff in the same capacity in which he sues — guaranty against liability for costs and damages.*

Gerard Beekman and James W. Beekman brought an action as trustees and as individuals against Abraham Van Dolsen, to recover rent under a lease made by the plaintiffs as trustees and as individuals to the defendant, and to recover the value of a dock on the leased premises alleged to have been negligently destroyed by the defendant, and to recover a sum of money due under a contract, and to recover damages. The defendant set up as a counterclaim the value of his personal time expended and costs and expenses incurred in legal proceedings against one Thompson, and damages incurred, for which he claimed indemnity under a guaranty executed by the plaintiffs.

The plaintiffs insisted that the defendant's claim under the guaranty was not the proper subject of a counterclaim, because the guaranty was made by the

plaintiffs as individuals only, whereas the causes of action set out in the complaint were in favor of the plaintiffs as trustees, as well as individuals.

The guaranty began with the recital: " Whereas  *  *  *  Gerard Beekman and James W. Beekman,  *  *  *  as trustees of the estate of James W. Beekman, deceased, and as individuals did grant," etc.; followed by: " And whereas  *  *  *  the said Van Dolsen at our request  *  *  *  did appoint said William C. C. Brainerd and George S. Thompson,  *  *  *  and whereas  *  *  * we did revoke and annul the said guaranty  *  *  *  now, therefore, in consideration of the premises we jointly and severally request the said Van Dolsen to treat according to law the said George S. Thompson as a trespasser on the said dock premises, and in consideration of the premises and one dollar, we hold ourselves responsible for any cost or damages which may be incurred by the said Van Dolsen in treating according to law the said George S. Thompson as a trespasser," etc.

*Held,* that the word " we " clearly referred to the recital describing the grantors as trustees and as individuals, and that it was apparent that the plaintiffs intended thereby to bind themselves by this guaranty in the same capacities in which they executed the lease.

That the effect of the guaranty was that of an indemnity against liability incurred by the defendant in the shape of costs and damage, and was not simply an agreement to indemnify and save harmless from damage suffered; and hence covered costs and legal damages incurred, and was not limited to actual damage or loss proved — but that it did not contemplate indemnity for loss of time or for personal services rendered.

That the intention and scope of the guaranty seemed to be that the defendant should be indemnified in his attempts to eject Thompson as a trespasser; that it had no relation to monetary claims of the defendant against Thompson and his lessees for the use of the premises, and, hence, that expenses incurred by the defendant in suits to enforce such claims, were not legitimate items of damage under the guaranty.

APPEAL by the plaintiffs, Gerard Beekman and James W. Beekman, as trustees of the estate of James W. Beekman, deceased, and as individuals, from a judgment of the Supreme Court in favor of defendant's testator for the balance of a counterclaim over and above the amount recovered by the plaintiffs, entered in the office of the clerk of the city and county of New York as of the 22d day of June, 1892, upon a verdict rendered at the New York Circuit, by direction of the court, and also from an order denying the plaintiffs' motion for new trial, and also from an order .granting the defendant an extra allowance, and also from an order denying the plaintiffs an extra allowance.

HUN — VOL. LXX.      37

*William Mitchell*, for the appellants.

*C. Norwood*, for the respondent.

VAN BRUNT, P. J.:

This action was brought by the plaintiffs as trustees and as individuals, they being as such trustees and individuals lessors in a certain lease made by them to the defendant's testator, Abraham Van Dolsen, to recover various sums of money on four causes of action. The first was to recover the value of the rent pursuant to the terms of the lease. The second was to recover the value of a certain retaining wall, bulkhead and dock which were on part of the demised premises at the beginning of the term, but which it was claimed were negligently suffered and permitted to be injured and destroyed by the lessee. The third cause of action was to recover a sum of money claimed to be due from the defendant's testator pursuant to a written agreement made in reference to the erection of a small wharf or dock on the demised premises. The fourth cause of action was to recover damages occasioned by the failure of the defendant's testator to deliver the demised premises in as good a state and condition as reasonable use and wear would permit.

The answer denied all liability upon the various causes of action set out in the complaint and alleged as a defense to each cause of action that immediately prior to and at the time of the execution of the lease mentioned in the complaint (December, 1880), one Brainerd and one Thompson were in possession of the premises described in the lease with the assent of the plaintiffs, and that cotemporaneously with its execution, at the express instance and request of the plaintiffs, there was executed and delivered between the defendant and said Brainerd and Thompson an instrument whereby the defendant appointed said Brainerd and Thompson his true and lawful attorneys in his name, place and stead, to collect wharfage, rents, issues and profits out of and to grow due to him under the said indenture of lease; that said Brainerd and Thompson, one or both of them, after the execution of the lease, continued in the actual and physical possession of the premises until about the 1st of June, 1882, and that cotemporaneously with the instruments above mentioned the plaintiffs executed and delivered to defendant an

instrument which, after reciting said lease and power of attorney, proceeds as follows :

" Now these presents witness, that we, Gerard Beekman and James William Beekman, as individuals only, in consideration of the foregoing premises of one dollar to us in hand paid, do hereby agree to and with the said Abraham Van Dolsen to hold him, the said Abraham Van Dolsen, harmless as to the acts of the said William C. Brainerd and George S. Thompson, performed under the said power of attorney.

" Provided always that the said Abraham Van Dolsen revokes the said power of attorney upon the request made by us after reasonable notice that he make such revocations."

That subsequently, in January, 1882, the plaintiffs executed and delivered. to the defendant another instrument which, after reciting the lease and power of attorney and that they had revoked and annulled the guaranty of said Brainerd and Thompson, and that the defendant, in consequence thereof, had revoked said power of attorney, and that, as they were informed, said Thompson continued to enter upon said demised premises, notwithstanding such revocation and contrary to the wishes of said Van Dolsen, proceeds as follows :

" Now, therefore, in consideration of the premises, we 'jointly and severally request the said Van Dolsen to treat according to law the said George S. Thompson as a trespasser on the said dock premises, and in consideration of the premises and one dollar we hold ourselves responsible for any cost or damages which may be incurred by the said Van Dolsen in treating according to law said George S. Thompson as a trespasser as aforesaid," and that after the execution of said instrument the defendant proceeded against Thompson as a trespasser upon said premises, and expended a very large amount of his personal time in so doing prior to the 11th of November, 1882, of the value of $1,000, and incurred costs and expenses in legal proceedings and otherwise, and was damaged in the sum of $1,500, and the defendant demanded judgment for the sum of $2,500 and that the plaintiffs' complaint be dismissed, with costs.

The plaintiffs replied to the counterclaim by alleging that the lease in question was executed by virtue of authority conferred upon them by the will of James W. Beekman, deceased, and that the premises demised in said lease formed part of the undivided residu-

ary estate of said testator, and denied that the various papers referred to in the answer formed part of said lease, and alleged that the possession of Brainerd and Thompson was the possession of the defendant. They also denied that the instruments mentioned were executed at their express instance and request, and admitted that they were executed at their suggestion, and said pleading contained various other allegations and denials which it is not necessary to mention here.

Upon the trial a verdict was found by the jury under the direction of the court in favor of the plaintiffs on the first cause of action and in favor of the defendant as to the second and fourth causes of action, and no proof having been ordered as to the third cause of action the court dismissed the same upon the motion of the defendant. A verdict was found for the defendant upon the counterclaim for the sum of $2,500, leaving a balance of some $884 in favor of the defendant over and above the amount of rent found to be due.

After the rendition of the verdict and before judgment the defendant died and the action was revived in the name of the present defendant as his executrix, and a motion having been made for an extra allowance, an allowance of $500 was granted to the defendant, and a similar motion upon the part of the plaintiff was denied, and a motion having been made for a new trial, the same was denied, and from said judgment and orders in respect to the extra allowance and denying the motion for new trial this appeal is taken.

Upon the trial the defendant offered proof under his cause of action to recover upon the guaranty mentioned in his answer, showing the commencement of various litigations in respect to the property mentioned in the lease, and also claimed to recover and did recover, by the verdict of the jury, compensation for the time spent by him in respect to these various litigations.

It was insisted upon the trial, and is now urged by the appellants, that the defendant's claim for damages under the guaranty was not the proper subject of a counterclaim because the guaranty was made by the plaintiffs as individuals only, whereas the causes of action set out in the complaint were in favor of the plaintiffs as trustees as well as individuals.

We think that an examination of the instruments in question will

show that this contention is without foundation, and that in the guaranty of January 19, 1882, made after the revocation of the power of attorney, the plaintiffs bound themselves in both capacities in which they seek to maintain this action. The guaranty commenced with the recital " Whereas    *    *    *    Gerard Beekman and James W. Beekman    *    *    *    as trustees of the estate of James W. Beekman, deceased, and as individuals did grant, etc. And whereas    *    *    *    the said Van Dolsen at our request    *.    *    * did appoint said William C. Brainerd and George S. Thompson, etc. And whereas    *    *    *    we did revoke and annul the said guaranty, etc. Now, therefore, in consideration of the premises we jointly and severally request the said Van Dolsen to treat according to law the said George S. Thompson as a trespasser on the said dock premises and in consideration of the premises and one dollar, we hold ourselves responsible for any cost or damages which may be incurred by the said Van Dolsen in treating according to law the said George S. Thompson as a trespasser," etc.

It is clear that the grantors described in the recitals of the instrument were the plaintiffs as trustees and as individuals and the use of the words " we " and " us " throughout the instrument refer clearly to this recital. Such being the case, it would seem that there was an attempt upon the part of the plaintiffs to bind themselves in both capacities and that it was not intended to be simply an individual obligation, and that this was the intention and understanding of these plaintiffs is apparent when we read the guaranty of the 2d of December, 1880, given to Van Dolsen as to the acts of Brainerd and Thompson performed under the power of attorney. That reads, " Whereas the said Abraham Van Dolsen has at our request, *as individuals*, by a duly executed power of attorney appointed," etc. " Now these presents witness that we, * * * *as individuals only*, in consideration of the foregoing premises, *    *    *    do hereby agree," etc.

The wording of this instrument clearly shows that when the plaintiffs intended to bind themselves only as individuals they were in no doubt as to what language to use. But in the subsequent instrument which forms the basis of the counterclaim, they referred to themselves as trustees and individuals, and without any attempt to separate their interests executed the instrument. We think that

FIRST DEPARTMENT, JUNE TERM, 1893.            [Vol. 70.

it was plain that there was an intention upon the part of these plaintiffs to bind themselves by this guaranty in the same capacities in which they had executed the lease.

It is further claimed that the defendant could counterclaim under the guaranty what would be only the amount in which he was legally damnified, and not the amount for which he was legally liable, and that no proof of such damage was offered. It is urged that the law is settled in this State that where the guaranty is against any liability then the costs and legal damages which may have been incurred may be recovered, but where the contract is a guaranty against damage or a guaranty against loss, actual damage or actual loss must be shown before a recovery can be had.

But it seems to us that applying the rule above claimed, the point urged is not well taken. The guaranty is not against damage which may be suffered, but against cost and damage which may be incurred. Suffered means paid; incurred means become liable for.

The language is "we hold ourselves responsible for any costs and damages which may be incurred by said Van Dolsen;" not, "which he may suffer;" and the purport of the language is the same as though it read "which he may become liable for;" because the incurring of a liability does not necessarily mean that such liability has been paid. This guaranty, therefore, seems to be an indemnity against liability incurred in the shape of costs and damage, and not simply an agreement to indemnify and save harmless for damage suffered.

We think, however, that the objection that the defendant was allowed to recover the value of personal services in these proceedings against Thompson was well taken. The guaranty did not contemplate indemnity for personal loss of time. It was against all costs and damage which might be incurred by him; and it seems to us that it is plain that these terms referred to liabilities and not to personal claims for services rendered. Costs and damage incurred do not seem to refer to claims for personal services, but rather to expenses and obligations incurred to others in carrying out the request of the guarantors.

The appellant also claims that the defendant was allowed to recover for counsel fees and disbursements incurred in treating Thompson as a trespasser in excess of the terms of the guaranty,

and that the various litigations which were commenced against Thompson and his licensees or lessees, were not such as were contemplated by the guaranty. Various of these suits were brought to recover for the use of the premises by lessees of Thompson, and also against Thompson for the misappropriation of certain wharfages received prior to the date of the guaranty in question. These do not seem to be legitimate items of damage under the terms of the guaranty. It would seem to have been the intention and the scope of the guaranty that Van Dolsen should be indemnified in his attempts to eject Thompson as a trespasser from the premises; which is manifested by the recital that Thompson "continues to enter upon the said demised premises notwithstanding the said revocation and contrary to the wishes of said Van Dolsen." It had no relation, therefore, to monetary claims of the defendant against Thompson and his lessees, whatever may have been the claim of the defendant under the instrument of December 2, 1880, which was executed by the plaintiffs as individuals only.

Several other exceptions have been called to our attention, some of which seem to be well taken, but in view of the fact that a new trial must be had, it is not necessary to discuss them.

We are of opinion that the judgment and order appealed from should be reversed, and a new trial ordered, with costs to appellant to abide the event, and that the order in respect to an extra allowance should be affirmed, without costs.

FOLLETT and O'BRIEN, JJ., concurred.

Judgment and order reversed and a new trial ordered, with costs to appellant to abide event, and the order in respect to an extra allowance affirmed, without costs.