Gibson, J.
The appeal presents the question whether an insured under an automobile liability policy is entitled to receive payment of the amount of his medical expenses, under the *428 medical expense provisions of the policy, despite the fact that such medical expenses were paid, pursuant to his employer’s coverage under the Workmen’s Compensation Law, to the persons rendering the medical services. The Civil Court of the City of New York held in favor of the plaintiff insured. Its ruling was unanimously affirmed at Appellate Term, without opinion, but the Appellate Division, First Department, reversed, dismissed the complaint and granted motion for leave to appeal.
The insuring provision in dispute, for which a separate premium was paid, provides for payment for “ all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services ”. The only specific exclusion respecting workmen’s compensation appears as exclusion (d), and this excludes coverage under Part II, for bodily injury ‘ ‘ sustained by any person who is employed in the automobile business, if the accident arises out of the operation thereof and if benefits therefor are in whole or in part either payable or required to be provided under any workmen’s compensation law but the plaintiff in this case is not employed in the automobile business. Defendant’s sole contention is that where the insured’s medical expenses have been satisfied out of compensation payments, he has not “ incurred ” any expenses so as to be eligible under the policy.
The rationale of the dissenting opinion at the Appellate Division is sound and among other grounds correctly stresses: The common and well-understood definition of ‘ ‘ incurred ’ ’; the fact that plaintiff did incur liability for medical treatment and continued liable, at least as long as his claim for workmen’s compensation benefits remained controvertible; and the compelling circumstance, manifestly aiding construction, that the insurer, having clearly and explicitly prescribed an exclusion in respect of workmen’s compensation benefits provided for an insured employed in the automobile business, chose not to impose a like exclusion applicable to any other business or employment.
In the prevailing opinion at the Appellate Division, reliance was mistakenly rested on Shapira v. United Med. Serv. (15 N Y 2d 200, 218, 219), as there the court was at pains to point out the peculiar status, under a particular statute, pf the insurer there involved and to emphasize that under the latter’s policy “ the benefit (and the premium) is based on the stipulation *429 that actual expense be incurred”; and reliance was also mistakenly posited upon Wyman v. Allstate Ins. Co. (29 A D 2d 319, mot. for lv. to app. den. 22 N Y 2d 646), in which the court simply gave force to a specific exclusionary provision of the insurance contract which made the medical expense provision (in the case of a nonowned automobile) excess coverage over any other collectible automobile medical payments insurance.
There has been no construction of the term “ incurred ”, in the context of the policy provision before us, in any prior New York case. In other jurisdictions the word has been given the meaning for which appellant contends. In point, for example, is Thomas v. Universal Life Ins. Co. (201 So. 2d 529 [La. App., 1967])[1] in which plaintiff recovered under the medical expense provisions, as against the defense that since those expenses had been paid by workmen’s compensation, he had never incurred them, the court holding in effect that inasmuch as the expenses could be charged against the insured, he had incurred them. Certainly, there has to be some period of time between the initial treatment and the establishment of compensation liability and, regardless of who ultimately pays or where the bills are first sent, the insured has subjected himself to liability for payment simply by undergoing the treatment. An older but nonetheless respectable authority, in differentiating between damage suffered and cost or damage incurred, expresses the common view: “ Suffered means paid; incurred means become liable for.” (Beekman v. Van Dolsen, 70 Hun 288, 294.)
Our construction is aided, and the result reinforced, upon analysis of the nature of the medical expense indorsement in automobile liability policies. “Since such expense payments are in the nature of health insurance, and payments under such policies are considered to be merely a return of premiums, duplicate payments ordinarily may be secured. Therefore, an automobile insurer may be required to pay the amount of a hospital bill to the insured, even though such bill was in fact paid by the hospitalization insurer. And one is not debarred from recovering such sums even though he may be entitled to include such *430 items as damages in the suit against the tort-feasor, the tortfeasor not being entitled to minimize his damages, as a result of premium payments made by another. ” (8 Appelman, Insurance Law and Practice, § 4896, p. 351.)
The order appealed from should be reversed and the judgment of the Civil Court of the City of New York reinstated, with costs.
Chief Judge Fuld and Judges Burke and Bergan concur with Judge Gibson ; Judges Scileppi, Breitel and Jasen dissent and vote to affirm on the opinion at the Appellate Division.
Order reversed, with costs, in this court and in the Appellate Division, and the judgment of the Civil Court of the City of New York reinstated.

. See, also, Feit v. St. Paul Fire & Mar. Ins. Co. (209 Cal. App. 2d 825); Mach v. Great Amer. Ins. Co. (175 So. 2d 594 [Fla. App. 1965]); American Ind. Co. v. Olesijuk (353 S. W. 2d 71 [Tex. Civ. App., 1962]); Nationwide Mut. Ins. Co. v. Schilansky (176 A. 2d 786 [Mun. Ct. App., D. C., 1961]).