Ann C. GILLESPIE, Plaintiff-Appellee,

v.

The TRAVELERS INSURANCE COMPANY, a corporation, Defendant-Appellant.

No. 72–2020.

United States Court of Appeals, Ninth Circuit.

Oct. 18, 1973.

Rehearing Denied Nov. 30, 1973.

282

Kenneth P. Jacobus (argued), Arden E. Page, Hughes, Thorsness, Lowe, Gantz & Clark, Anchorage, Alaska, for defendant-appellant.

Herbert Berkowitz (argued), Ely, Guess & Rudd, Anchorage, Alaska, for plaintiff-appellee.

Before BARNES, WRIGHT and GOODWIN, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Clinton Gillespie was killed when the helicopter in which he was a passenger crashed on a mountain side in Alaska. His widow sued in the Alaska state court to recover as beneficiary under the double indemnity provision of a "selective accident" insurance policy on the life of Mr. Gillespie. The policy, issued by the defendant, The Travelers Insurance Company, insured against accidental injuries and accidental death.

Travelers removed the case to the district court and counterclaimed to recover the single indemnity benefits previously paid. Following a combination of partial summary judgment and a jury verdict, the district court entered judgment for Mrs. Gillespie on both claims. Travelers appeals. This court has jurisdiction under Title 28, U.S.C. § 1291.

Mrs. Gillespie's recovery under the policy depends upon an interpretation of two of the policy's clauses. The aviation exclusion clause excluded the helicopter accident from coverage unless the aircraft was "being used for transportation only and not for any purpose such as testing, experimenting, or any other purpose except the sole purpose of transportation." Travelers, in resisting Mrs. Gillespie's motion for summary judgment, was prepared to introduce evidence suggesting that the helicopter was engaged in aerial reconnaissance at the time of the accident. Notwithstanding this offer, the district court granted partial summary judgment in favor of Mrs. Gillespie, holding that the helicopter was being used for "the sole purpose of transportation," and that the accident was not excluded by the aviation exclusion clause.

The second relevant clause provided for double indemnity if the decedent, at the time of his death, was "riding as a passenger in or on . . . a public conveyance provided by a common carrier for passenger service." The fatal helicopter was provided by Anchorage Helicopter Service pursuant to a contract with AlVenCo, Gillespie's employer. The contract provided that the helicopter was for the exclusive use of AlVenCo for a minimum period of sixty days with extensions permissible for a period up to seven months.

Although Anchorage Helicopter Service provided the pilot, AlVenCo was obligated to provide fuel and lubrication for the aircraft and room and board for the pilot. Anchorage Helicopter Service had similar contractual arrangements with other customers, the price being charged

for comparable equipment varying among the several customers.

In addition to this "contract" service, provided pursuant to a certificate of authority issued by the Alaska Transportation Commission, Anchorage Helicopter Service also operated an air taxi service for public use throughout Alaska. The taxi service was conducted pursuant to a second certificate of authority, and rates were required to be equal to or above the tariff rates filed with the Alaska Transportation Commission.

In the district court, Travelers argued that a helicopter under contract for the exclusive use of one customer for a period of two to seven months, subject to special conditions, is not a "public conveyance provided by a common carrier." The district court ruled on a motion for summary judgment that the helicopter was "provided by a common carrier." The question whether the helicopter was a "public conveyance" was submitted to the jury with an instruction that

> the term public conveyance means a conveyance provided for the use of the public generally. Such a conveyance is used indiscriminately in carrying the public without limitation to certain persons or particular occasions or without being governed by special terms.

The jury was further instructed:

> If you find that the phrase "public conveyance," as used in the insurance policy, is ambiguous or uncertain, and requires interpretation because fairly susceptible of two or more different constructions, you are instructed to adopt the meaning of the phrase used that is more advantageous to the plaintiff.

The jury returned a verdict that the helicopter was a "public conveyance," and judgment was entered in favor of Mrs. Gillespie.

On appeal, Travelers asserts that the district court erred in:

(1) permitting the jury to find that the helicopter was a "public conveyance,"

(2) instructing the jury that ambiguities must be resolved in favor of the plaintiff,

(3) ruling, on a motion for summary judgment, that the helicopter was "provided by a common carrier," and

(4) ruling, on a motion for summary judgment, that the accident was not excluded from coverage by the aviation exclusion cause.

The interpretation of the meaning of words used in a contract is normally an issue of fact to be decided by the trier of fact rather than the court. Dobson v. Masonite Corp., 359 F.2d 921, 923 (5th Cir. 1966); Corbin on Contracts § 554; *see* Hartford Steam Boiler Inspection and Insurance Co. v. Schwartzman Packing Co., 423 F.2d 1170 (10th Cir. 1970).[1] Thus, the meaning of words in a contract, as with any other issue of fact, should be decided by the court only in cases where reasonable minds could not differ as to interpretation of those words. In addition to this general rule of contract interpretation, we must apply Alaska's rule that ambiguities in the meaning of insurance contracts are to be resolved in favor of the insured. Pepsi Cola Bottling Co. v. New Hampshire Insurance Co., 407 P.2d 1009 (Alaska 1965); Lumbermen's Mutual Casualty Co. v. Continental Casualty Co., 387 P.2d 104 (Alaska 1963).[2]

---

1. The question of whether an issue is to be decided by the judge or the jury in a diversity case is properly decided by reference to federal rather than state law. Byrd v. Blue Ridge Rural Electric Cooperative, Inc., 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958).

2. Alaska's rule that ambiguities be resolved in favor of the insured is a reflection of substantive state policy affecting the substantive rights and liabilities of the parties. It must, therefore, be followed by a federal court sitting in a diversity case under the doctrine of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

## THE "PUBLIC CONVEYANCE" ISSUE

With this background, we turn to the district court's rulings concerning the disputed portions of the insurance policy. Travelers contends that the undisputed facts do not permit a jury finding that the helicopter was a "public conveyance." We agree. Giving the plaintiff the benefit of the Alaska rule that ambiguities are to be resolved in favor of the insured, the term "public conveyance" cannot be read to include the helicopter in which Mr. Gillespie was a passenger.

■■ At a very minimum, the term "public conveyance" connotes an offering of the conveyance generally for public use. This helicopter was not. It was for the exclusive use of a specific client, AlVenCo, for a period of two to seven months. The jury's finding that the helicopter was a "public conveyance" under these facts was not within the range of reasonable interpretations of which that phrase is susceptible. Therefore, the district court erred by permitting the jury to find in favor of Mrs. Gillespie on this issue.

To recover double indemnity, Mrs. Gillespie must prove that the helicopter was both a "public conveyance" and "provided by a common carrier." In view of our holding that the helicopter was not a "public conveyance," we need not decide whether the district court erred in holding that the helicopter was "provided by a common carrier."

## THE "TRANSPORTATION" ISSUE

Travelers' final assignment of error is that the district court erred in ruling, on a motion for summary judgment, that the helicopter was being used for "the sole purpose of transportation," and that the accident was, therefore, not excluded by the aviation exclusion clause.

■ Travelers contends that the helicopter may possibly have been engaged in aerial reconnaissance at the time of the accident. Even if we accept this contention, the district court correctly ruled that coverage was not excluded.

It is only reasonable to include within the meaning of "transportation" the moving of an individual from a point on the ground to a vantage point above the ground. Aerial reconnaissance is included within such a definition.

■ Of course, "transportation" could also reasonably be interpreted to refer only to direct transportation from one point on the ground to another. What is clear, however, is that at least one reasonable interpretation of the phrase "for the sole purpose of transportation" exists which would permit Mrs. Gillespie to recover. Since Alaska law requires the adoption of the reasonable interpretation which favors the insured, there was nothing for the jury to decide. Thus, the district court was correct in ruling that the accident was not excluded by the aviation exclusion clause.

The district court's judgment in favor of Mrs. Gillespie on the claim for double indemnity is reversed and remanded to the district court with instructions to enter judgment in favor of Travelers. The district court's judgment in favor of Mrs. Gillespie on Travelers' counterclaim to recover the single indemnity benefits previously paid is affirmed. No costs will be assessed on this appeal.