**UNITED STATES of America, Plaintiff-Appellant,**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, Defendant-Appellee.**

**No. 73–1001.**

United States Court of Appeals, Ninth Circuit.

July 9, 1974.

Stan Pitkin, U. S. Atty., Seattle, Wash., Charles F. Mansfield, Asst. U. S. Atty., Morton D. Hollander, William D. Appler, Washington, D. C., for plaintiff-appellant.

John P. Braislin, Skeel, McKelvey, Henke, Evenson & Betts, Seattle, Wash., for defendant-appellee.

Before DUNIWAY, WRIGHT and CHOY, Circuit Judges.

## OPINION

EUGENE A. WRIGHT, Circuit Judge:

The United States appeals from summary judgment denying its claim for payment under an automobile insurance policy for providing medical care to insured persons. The district court found that the parties to the insurance contract did not intend to benefit the United States as a third-party beneficiary and that coverage was excluded by a specific clause of the policy. We reverse and remand.

John and Margaret Buckner, the insured parties under the policy involved in this dispute, were injured in an automobile accident in Washington State caused solely by the negligence of Mr. Buckner. They were given preliminary medical treatment at a hospital near the accident and were then transferred to Madigan General Hospital, a military hospital at Fort Lewis, Washington. Because Mr. Buckner was a retired serviceman, he and his wife were entitled to free medical care on a space available basis in a military hospital pursuant to 10 U.S.C. §§ 1074(b), 1075, 1076(b). The reasonable value of the free care provided at Madigan General was $4,503.75, and the United States sued to recover $4,000, the monetary limit of the policy, from Nationwide.[1]

Nationwide defended on the grounds that the United States could not recover as a third-party beneficiary under the policy and that coverage was excluded by one of the policy's exclusionary clauses. The district court found both that Nationwide did not contract with the intent to benefit the United States under these circumstances and that the exclusionary clause barred recovery. Summary judgment was granted in favor of Nationwide, and the government appeals.

A threshold question, not considered by the district court, is whether Washington or federal law should be applied. The United States invoked the jurisdiction of the district court under 28 U.S.C. § 1345, giving the district court jurisdiction in all cases where the United States is a party plaintiff. Federal courts that have considered the question have held that suits under § 1345 are not controlled by Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), requiring adherence to appropriate state substantive law. E. g., United States v. Williams, 441 F.2d 637 (5th Cir. 1971); Tri-State Ins. Co. v. United States, 340 F.2d 542 (8th Cir. 1965).[2] But where there has been no

---

1. In its complaint, the United States asserted a right to recover under the Medical Care Recovery Act [42 U.S.C. §§ 2651–2653]. Because the defendant is neither a tort-feasor nor the insurer of one, the United States now concedes that the Act is inapplicable and asserts only that recovery is available under the terms of the policy.

2. In certain cases of significant local interest, such as cases involving title to land, state law has been held to apply. *See* Unit-

clear federal law to apply, federal courts have referred to state law to provide the appropriate rule. United States v. Williams, *supra*; United States v. Hedburg, 217 F.Supp. 711 (D.S.D.1963). There is no appropriate federal rule in the situation with which we are faced: the interpretation of an insurance contract and third-party beneficiary recovery. Indeed, two federal courts that have considered the latter problem have referred to state law. United States v. Government Employees Ins. Co., 461 F.2d 58 (4th Cir. 1972); United States v. State Farm Mutual Automobile Ins. Co., 455 F.2d 789 (10th Cir. 1972). Thus, we look to the law of Washington to provide the substantive rules to be applied to the problem before us.[3]

While Washington substantive law will be applied here, certain issues must nevertheless be decided by reference to federal law. Specifically, the determination whether a question is an issue of fact for the trier of fact or an issue of law for the court is controlled by federal law. Such would be the rule even if state law were applicable under the mandate of Erie. Byrd v. Blue Ridge Rural Electric Cooperative, Inc., 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958); Gillespie v. Travelers Ins. Co., 486 F.2d 281, 283 n. 1 (9th Cir. 1973). On the other hand, the right of a third-party beneficiary to sue on a contract and special

rules concerning the resolution of ambiguities against the drafter of an adhesion contract or against the insurer in an insurance contract reflect a substantive state policy and will be analyzed with reference to Washington law. *See* Gillespie v. Travelers Ins. Co., *supra* at 283 n. 2.

Having ascertained the governing law, we turn to the United States' assignments of error. First, it argues that the district court erred in finding that it was not a third-party beneficiary. The policy obligated Nationwide to pay reasonable medical expenses "to or for" the injured party.[4] The government argues that the word "for" must be given meaning and that its inclusion evidences an intent that payment be made "for" the injured party to the entity providing medical care as an alternative to payments made "to" the injured party directly. The government relies on judicial and commentary analyses reaching similar conclusions. *See* United States v. Government Employees Ins. Co., *supra*; United States v. State Farm Mutual Automobile Ins. Co., *supra*; Long, Government Recovery Beyond the Federal Medical Recovery Act, 14 S.Dak.L.R. 20, 35–37 (1969); *see also* Franklin Casualty Insurance Co. v. Jones, 362 P.2d 964 (Okl.1961) (dissenting opinion).[5] We need not, however, determine whether the government's suggested meaning is correct.

---

ed States v. Buras, 332 F.Supp. 1017 (D. La.1970), rev'd on other grounds 458 F.2d 346, rehearing denied 475 F.2d 1370 (5th Cir. 1972).

3. Because we conclude that state law will be applied regardless of the applicability of *Erie*, we need not decide whether other circuits have correctly concluded that *Erie* is inapplicable to suits under § 1345. Similarly, we need not decide whether reference to state law for convenience rather than under the mandate of *Erie* is reference to the law of the state in which the district court is located, including that state's conflict of laws rules, Klaxon Co. v. Stentor Electric Mfg. Co., Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L. Ed. 1477 (1941), or reference directly to "appropriate" state law using a federal choice of law rule. In the present circum-

stances both methods lead us to adopt Washington law.

4. D. Medical Payment: To pay all reasonable expenses, incurred within one year following the accident, for necessary medical, dental, surgical, ambulance, hospital, professional nursing and funeral services and prosthetic devices, to or for:
(I) Each person whose bodily injury or death was sustained while in . . . the described automobile . . . .

5. *Government Employees* and *State Farm* differ from the instant case in one important respect. In both cases there was significant language apart from the "to or for" clause evidencing an intent that the provider of medical care was an intended beneficiary of the contract. Such language is not present in the Nationwide policy.

■ Washington law permits third-party beneficiaries to enforce contracts if the contract was intended to benefit the third party. *See* Ridder v. Blethen, 24 Wash.2d 552, 166 P.2d 834 (1946). Under the circumstances of this case, the government can qualify, if at all, only as a donee beneficiary, because the insured party was under no obligation to reimburse the government for the medical services rendered. To do so, the contract must have been intended by the promisee to confer a gift upon the government. *Id.*[6] Whether it was so intended by the promisee is a question concerning the meaning of the contract and is, under federal law, an issue of fact to be decided by the trier of fact. *See* Gillespie v. Travelers Ins. Co., *supra,* and authorities cited therein.

The district court found as fact that Nationwide did not intend to benefit the government. As a finding of fact we will overturn the district court's conclusion only if it is "clearly erroneous." Fed.R.Civ.P. 52. But even if the finding is not clearly erroneous, it does not support a conclusion that the government is not a third-party beneficiary; as the promisor, Nationwide's intent is not determinative. Since the intent of the promisee, the insured, is an issue of fact upon which there was no finding, the case must be remanded to the district court for further factual determinations.

Second, we consider whether the district court correctly found that recovery was barred by the exclusionary clause:

There shall be no protection afforded . . . (13) under Coverages D(1) and D(2) to that amount of any expense which is paid or payable to or on behalf of the injured person under the provisions of any (1) premises in-

surance affording benefits for medical expenses, (2) individual, blanket or group accident, disability or hospitalization insurance, (3) medical, surgical, hospital or funeral service, benefit or reimbursement plan or (4) workmen's compensation or disability benefits law or any similar law. . . .

The district court found that medical care furnished by law to retired service personnel is a "medical, surgical or hospital benefit or reimbursement plan within the meaning of Exclusion (13) of [the] policy." Although this is a factual finding that should be reversed only if "clearly erroneous," there is no indication that the district court applied the proper legal standard.

■■ Under Washington law, insurance contracts are to be interpreted strictly against the insurer by resolving ambiguities in favor of the insured. *See, e. g.,* Metropolitan Mortg. & Security Co. v. Reliable Ins. Co., 64 Wash.2d 98, 390 P.2d 694 (1964); Thompson v. Ezzell, 61 Wash.2d 685, 379 P.2d 983 (1963). The district court does not appear to have applied this rule of interpretation. The case must, therefore, be remanded for a factual finding by the district court applying the proper rule of construction.

The Washington rule requiring ambiguities in an insurance contract to be resolved against the insurer and in favor of the insured raises an interesting problem concerning the third-party beneficiary issue: A finding of intent by the promisee that the third party be benefited is not necessarily a finding in favor of the insured or against the insurer. Thus, it is unclear how the rule of interpretation should be applied, if at all, to the question whether the promisee

---

6. The Washington Supreme Court is not absolutely clear on the requirement that the promisee's intent controls. At one point, it states that the intention of the "parties" controls. Ridder v. Blethen, 24 Wash.2d 552, 166 P.2d 834, 835 (1946). But it also cites approvingly the Restatement rule that the intent of the promisee controls. *Id.* Since the common law rule is that the promisee's intent is the significant factor, see Corbin on Contracts, § 776, and since Washington does not indicate a rejection of the common law rule (indeed the Restatement is approvingly cited), we conclude that Washington would look to the promisee's intent.

intended to benefit the third party.[7] Since the case must be remanded for factual findings, and since the parties have not argued this issue before this court, it is appropriate that the district court consider in the first instance whether the Washington rule of construction should be applied to the question whether the promisee intended to benefit the third party.

The judgment of the district court is reversed, and the case is remanded for further proceedings consistent with this opinion.

DUNIWAY, Circuit Judge (concurring and dissenting):

For the purpose of this opinion, I assume that Judge Wright is correct in holding that the governing law is that of the State of Washington.

No Washington case cited to us is even remotely in point. I therefore look to the general rules applied by courts to the construction of insurance policies, which are followed in Washington. The major rule is well stated in Aschenbrenner v. United States, 1934, 292 U.S. 80, 54 S.Ct. 590, 78 L.Ed. 1137, in which Mr. Justice Stone (as he then was), writing for the Court said:

> The phraseology of contracts of insurance is that chosen by the insurer and the contract in fixed form is tendered to the prospective policy holder who is often without technical training and who rarely accepts it with a lawyer at his elbow. So if its language is reasonably open to two constructions, that more favorable to the insured will be adopted. (at 85, 54 S.Ct. at 592)

This is the law in almost every American jurisdiction, including the State of Washington. *See, e. g.,* V. Van Dyke Trucking, Inc. v. "The Seven Provinces" Ins. Ltd., 1965, 67 Wash.2d 122, 406 P.2d 584, 588:

> If it can be said that there is any ambiguity in this provision, then under standard horn-book law, the ambiguity is to be construed against the drafter of the contracts or policy.

I can perceive no good reason why this rule is not applicable to the question before us, namely, whether the United States, which provided medical service "for" the insured, is a beneficiary of the policy. I suggest that, to apply rules applicable to contracts, the terms of which are negotiated, to this case, and to remand for a fact finding hearing as to the intent of the insured when he bought the policy, will prove to be an exercise in utter futility. It seems to me almost certain that the insured had no intent in relation to the question before us, and I would have little, if any, confidence in the reality or veracity of anything that he might now say, after the fact.

Moreover, the policy itself seems to prohibit it. It provides:

### 8. CHANGES; CONFORMITY TO STATUTES

The terms of this policy may not be waived or changed by notice to or

---

7. This is not a problem regarding the exclusionary clause because it is clear which interpretation would favor the insured and which would favor the insurer.

The dissent argues that ambiguities should be resolved in favor of the government on the issue whether the government is a third-party beneficiary. If the exclusionary clause does not bar recovery, the question is whether the government or the insured may recover. It is difficult to see how a finding in favor of the government is one in favor of the insured. It is rather a finding against the insured. Since the insurer would be required to pay either the government or the insured, such a finding would be neither in favor of nor against the insurer.

If the contract is interpreted to confer a gift upon the government, the retired serviceman will have paid indirectly for the medical care to which he was entitled because of his service. Again, it is difficult to see how such a finding would benefit the insured.

But whatever our view, the remand will enable the district court, after the parties have briefed the issue, to decide how Washington would decide this issue.

knowledge possessed by any agent or other person, but only by policy endorsement.

To me, this means that the Insurance Company, having chosen the words of its policy, wishes to be governed by those words and nothing else. I would take it at its word, and construe the words under the rule of construction that applies to all such policies.[1]

In my opinion, the words of the policy, quoted in Judge Wright's opinion, are readily susceptible to the construction that the Company's obligation is to pay the insured's medical expenses to the insured or to whatever person or organization has incurred such expenses in his behalf, i. e., "for" him. And so say the cases construing similar language: United States v. Government Employees Ins. Co., 4 Cir., 1972, 461 F.2d 58; United States v. State Farm Mut. Auto. Ins. Co., 10 Cir., 1972, 455 F.2d 789; United States v. United Services Auto Ass'n, 5 Cir., 1970, 431 F.2d 735.

I also am of the opinion that the exclusion quoted in Judge Wright's opinion does not plainly refer to the government's statutory obligation to provide medical care to retired servicemen. Clearly, the government's obligation is not "insurance" (subd. (2)) nor a "workman's compensation or disability law or any similar law" (subd. (4)).[2] The trial judge thought that subdivision (3) applies: "Medical, surgical, hospital or funeral service benefit or reimbursement plan." This is a closer question, but to it I would apply another universal rule, relating to exclusions in insurance policies. Because they limit the coverage elsewhere apparently granted and because they tend to defeat the natural expectations of the insured and his beneficiaries, the rule of strict construction applicable to insurance policies is most strongly applicable to exclusions. Applying that rule, I cannot hold that the government's statutory obligation is a "benefit or reimbursement plan" within the meaning of subdivision (3). The apparent purpose of the exclusion is to prevent a possible double recovery by the insured; if he is compensated by a benefit or reimbursement plan, he cannot collect again from Nationwide. That is not what is involved here. It would be a strained construction of subdivision (3) to say that the United States government, furnishing medical care under a statutory command, is a "benefit or reimbursement plan."

There are a large number of servicemen who, like the insured in this case, are entitled to medical care at government expense. If the Insurance Company desires to exclude the expense of such care from the coverage of its policy, it could do so expressly. It is not entitled to rely on ambiguous language such as it has used to achieve the same result.

I concur in the reversal, but I would remand with directions to enter judgment for the United States.

1. Gillespie v. Travelers Ins. Co., 9 Cir. 1973, 486 F.2d 281, is not in point. In that case we said that "the meaning of words used in a contract [of insurance] is normally an issue of fact to be decided by the trier of fact rather than the court." But we *held*, first as a matter of law, not fact, that the helicopter there involved was not a "public conveyance" within the meaning of that phrase as used in the policy, thus overruling a jury verdict, and *second*, again as a matter of law, not fact, that the helicopter was being used for "the sole purpose of transportation," within the meaning of that phrase as used in the policy. In the second holding, we relied upon the following rule: "Since Alaska law requires the adoption of the reasonable interpretation which favors the insured there was nothing for the jury to decide." In the case at bar, I would apply *Gillespie's* holding, not its dictum.

2. United States v. Government Employees Insurance Co., 5 Cir., 1971, 440 F.2d 1338, 1339; United States v. United Services Auto. Ass'n, D.Conn., 1970, 312 F.Supp. 1314, 1316; United States v. Commercial Union Ins. Group, S.D.N.Y., 1969, 294 F. Supp. 768, 771.