UNITED STATES of America, Plaintiff,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY, Defendant.

No. 75–CV–271.

United States District Court,
N. D. New York.

Oct. 27, 1976.

James M. Sullivan, Jr., U. S. Atty., N. D. N. Y., Syracuse, N. Y., for plaintiff (Richard K. Hughes, Asst. U. S. Atty., Syracuse, N. Y., of counsel).

Felt, Hubbard, Hopkins, Bach & Corrou, Utica, N. Y., for defendant (E. Porter Felt and John D. Durrett, Jr., Utica, N. Y., of counsel).

## OPINION

MacMAHON, District Judge.*

Plaintiff and defendant cross-move, pursuant to Rule 56, Fed.R.Civ.P., for summary judgment in this action for payment upon an automobile accident insurance policy.[1]

The underlying facts of this suit are undisputed.[2] Defendant, Government Employees Insurance Company ("GEICO"), issued a Family Combination Automobile Policy to Donald P. White, a member of the United States Navy. White was seriously injured in an automobile accident on or about March 17, 1972, while the policy was in full force and effect.

The United States hospitalized White in the Veterans Administration Hospital in Albany, New York from March 17 to March 24, 1972, and in the St. Albans, New York Naval Hospital from March 24 to August 31, 1972, pursuant to its obligation to provide such care under 10 U.S.C. § 1074(a), which provides that "a member of a uniformed service who is on active duty is entitled to medical and dental care" without charge. In consideration of this care, White assigned to the United States all claims and causes of action he might have as a result of the accident. .

Plaintiff timely filed a notice of claim with GEICO, seeking reimbursement under the terms of White's insurance policy for the reasonable value of the medical care provided, $6,893.00. GEICO responded that the maximum allowable medical payment benefit under the terms of White's policy was $5,000.00.

Furthermore, GEICO asserted that the United States was not eligible for reimbursement as a third-party beneficiary under the policy since the medical expenses in question were not "incurred" by White, the insured, because he had never become legally liable for their payment. Consequently, GEICO denied the government's claim and the United States commenced this action to recover $5,000.00 under White's policy.

The pertinent provisions of the GEICO policy are as follows:

### "PART II—EXPENSES FOR MEDICAL SERVICES

*Coverage C—Medical Payments*: To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:

---

* Of the United States District Court for the Southern District of New York, sitting by designation.

1. GEICO also moves for leave to answer the government's Request for Admission, which motion the court grants by separate memorandum-endorsement of this date.

2. GEICO has expressly adopted the government's statement of facts on this motion.

*Division 1.* To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' caused by accident,

(a) while occupying the owned automobile. . . .

CONDITIONS

\* \* \* \* \* \*

7. *Medical Reports; Proof and Payment of Claim—Part II :*

\* \* \* \* \* \*

The company may pay the injured person or any person or organization rendering the services and such payment shall reduce the amount payable thereunder for such injury. . . ."

Plaintiff claims that it is a third-party beneficiary under the GEICO policy and therefore is entitled to payment for the services rendered to White. The question thus raised has, to our knowledge, never been considered by the Second Circuit. Three other circuits, however, have passed upon this issue in cases dealing with insurance policies having language substantially identical to that in the GEICO policy in this suit. In each case, the government was held to be a third-party beneficiary and was permitted to recover against the defendant insurance companies.[3]

In *United States v. State Farm Mut. Automobile Ins. Co.,* 455 F.2d 789, 791 (10th Cir. 1972), the court stated:

"It is a general rule that where the third-party beneficiaries are so described as to be ascertainable, it is not necessary that they be specifically named in the contract in order to recover thereon and it is not necessary that they are identifiable at the time the contract is made."

This is also an accurate description of the law of New York on this subject.[4]

The GEICO policy required the insurance company "[t]o pay all reasonable expenses incurred within one year from the date of accident . . . *[t]o or for* the named insured . . ." (emphasis added). In addition, the agreement provided that "[t]he company may pay the injured person *or any person or organization rendering the services* . . ." (emphasis added). The three circuit courts mentioned above construed substantially identical policy language to permit the United States to recover as a third-party beneficiary, since it was found to be "an organization rendering the services."

The rationale underlying these decisions was succinctly stated by the court in *United States v. Government Employees Ins. Co.,* 461 F.2d 58, 59–60 (4th Cir. 1972):

"This result appears sound and accords with what must have been the intent and understanding of the parties. It must be assumed that the insurer knew that its insured in this case was entitled to obtain medical services at the expense of the

---

3. See *United States v. Automobile Club Ins. Co.,* 522 F.2d 1 (5th Cir. 1975); *United States v. Government Employees Ins. Co.,* 461 F.2d 58 (4th Cir. 1972); *United States v. State Farm Mut. Automobile Ins. Co.,* 455 F.2d 789 (10th Cir. 1972); *United States v. United Services Automobile Ass'n,* 431 F.2d 735 (5th Cir. 1970), *cert. denied,* 400 U.S. 992, 91 S.Ct. 459, 27 L.Ed.2d 440 (1971).

A Ninth Circuit case, *United States v. Nationwide Mut. Ins. Co.,* 499 F.2d 1355 (9th Cir. 1974), also dealt with the government's entitlement to reimbursement for medical care provided pursuant to its statutory obligations. Reversing a lower court decision in favor of the defendant's insurance company, the Court of Appeals remanded for further fact-finding on the issue of the insured's intent to benefit the United States.

The *Nationwide* case is readily distinguishable from the instant suit and from the cases just cited in that the language of the policy under consideration differed significantly. The Ninth Circuit itself stated:

"*Government Employees* and *State Farm* differ from the instant case in one important respect. In both cases there was significant language apart from the 'to or for' clauses evidencing an intent that the provider of medical care was an intended beneficiary of the contract. Such language is not present in the *Nationwide* policy." 499 F.2d at 1357, n.5.

4. See *Associated Teachers of Huntington, Inc. v. Board of Education,* 33 N.Y.2d 229, 234, 351 N.Y.S.2d 670, 674, 306 N.E.2d 791 (1973); *Vandewater & Lapp v. Sacks Builders Inc.,* 20 Misc.2d 677, 186 N.Y.S.2d 103, 106 (App.T., 2d Dep't 1959).

United States . . . .. It had included as a separate part of its contract of insurance, for which it unquestionably charged a portion of its premium, this provision obligating itself to pay the medical expenses incurred as a result of an accident on behalf of the insured. To allow it to eliminate from its obligation, under this provision, any expenses incurred by the United States under the latter's statutory obligation to the insured would mean that the insurer actually would have been incurring no liability, or at least a most limited one, under this part of its policy, for which it had charged a portion of its premium. Certainly, the insurer had not intended—it undoubtedly had not adjusted its premium to take into account—any such 'windfall' as would result in its favor by limiting its obligation under the 'Expenses for Medical Services' portion of its policy as it now asks of the Court. It would be unconscionable so to limit it." (Footnote and citation omitted.)

GEICO argues that these decisions are inapplicable to this case since they were not based upon New York substantive law. GEICO contends that, under the policy, it need only pay those medical expenses which Mr. White, the named insured, has "incurred." According to defendant, under New York law medical expenses are incurred only when the named insured becomes legally liable to pay for them. In support of this proposition, defendant cites *Shapira v. United Medical Service, Inc.*, 15 N.Y.2d 200, 257 N.Y.S.2d 150, 205 N.E.2d 293 (1965), and *Rubin v. Empire Mut. Ins. Co.*, 32 A.D.2d 1, 299 N.Y.S.2d 1 (1st dep't), *rev'd*, 25 N.Y.2d 426, 306 N.Y.S.2d 914, 255 N.E.2d 154 (1969).

In *Rubin*, plaintiff was injured in an accident while riding in a company automobile in the course of his employment. Workmen's Compensation paid all medical expenses resulting from the accident, and no claim for these expenses was ever asserted against plaintiff. Despite the fact that all of his medical expenses had been paid at no cost to himself, plaintiff filed a claim for these expenses with his personal insurer,

the Empire Mutual Insurance Company. Empire had issued a standard automobile policy to plaintiff with language similar to that contained in the GEICO policy at issue here. The Appellate Division found that Rubin "never did nor could become liable" to pay for the medical services rendered and therefore no expenses were "incurred," and reversed the lower court decisions for plaintiff.

The New York Court of Appeals reversed. Judge Gibson, writing for the majority, expressly approved the use of the "common and well-understood" definition of "incurred" as "to become liable or subject to." Since Rubin was necessarily liable to pay for the services he received, at least until Workmen's Compensation liability had been established, he had incurred those expenses within the meaning of the policy.

The definition of "incurred" approved by the Court of Appeals in *Rubin* would seem to support GEICO's position here. Although Rubin was never required to pay for the services he received, he did remain liable for these expenses until Workmen's Compensation relieved him of this obligation, while, in the instant case, White never became liable for his medical expenses due to the government's statutory obligation under 10 U.S.C. § 1074(a). However, the facts which underlie this case and the *Rubin* case are significantly different. Moreover, the same considerations which motivated the Court of Appeals to find for Rubin support, rather than preclude, a decision in the government's favor in this case. For example, the Court of Appeals stated that its construction of the Empire policy was aided by the "compelling circumstance" that the insurer had explicitly excluded from coverage any payment to a person in the automobile business who was also entitled to Workmen's Compensation benefits. Rubin was not in the automobile business, and Judge Gibson found that, had the insurer intended to exclude coverage whenever Workmen's Compensation benefits were received, it could have done so explicitly.

GEICO is in a similar position here. GEICO knew as early as 1970, when *United*

*States v. United Services Automobile Ass'n*, 431 F.2d 735 (5th Cir. 1970), *cert. denied*, 400 U.S. 992, 91 S.Ct. 459, 27 L.Ed.2d 440 (1971), was decided, that the language contained in its policy had been construed to allow the United States government to recover from an insurer the value of services it had provided pursuant to its statutory obligations. Yet, the GEICO policy in issue contains language identical to that found in the *United Services* case, and nowhere in the policy is the United States expressly excluded from "medical payments" coverage.[5] Moreover, GEICO continued to collect a portion of the premium as consideration for its promise to pay the reasonable medical expenses incurred "to or for the named insured. . . ." The fact that GEICO collected this premium is significant, for, as the Court of Appeals stated in *Rubin* :

> "Our construction is aided, and the result reinforced, upon analysis of the nature of the medical expense indorsement in automobile liability policies. Since such expense payments are in the nature of health insurance, and payments under such policies are considered to be merely a return of premiums, duplicate payments ordinarily may be secured." 25 N.Y.2d 429, 306 N.Y.S.2d at 917, 255 N.E.2d at 155.

The second New York case, relied upon by defendant, *Shapira v. United Medical Service, Inc., supra*, may be easily distinguished. The Court of Appeals in *Rubin* stated:

> "In the prevailing opinion at the Appellate Division, reliance was mistakenly rested on *Shapira v. United Medical Service, Inc.*, 15 N.Y.2d 200, 218, 219, 257 N.Y.S.2d 150, 164, 205 N.E.2d 293, 304, as there the court was at pains to point out the peculiar status, under a particular statute, of the insurer there involved and

to emphasize that under the latter's policy 'the benefit (and the premium) is based on the stipulation that actual *expense* be incurred . . . .'" 25 N.Y.2d at 428–29, 306 N.Y.S.2d at 916, 255 N.E.2d at 155.

■ We hold, therefore, after due consideration of the policy in issue and of the authorities cited, that the United States is entitled to recover $5,000.00 from defendant as reimbursement of the reasonable expense of providing medical care to White.

■ The United States also seeks interest computed at the legal rate from March 17, 1972. The United States is entitled under New York law to interest on the amount due it under the GEICO insurance contract,[6] computed from "the earliest ascertainable date the cause of action existed."[7]

The claimant under the GEICO policy was required to furnish the company written proof of the claim. The insurance contract further stated that "[n]o action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this policy. . . ." GEICO was first notified of the government's claim by written notice dated May 16, 1972. The United States provided further information in a letter dated June 1, 1972. By letter dated July 3, 1972, GEICO denied the government's claim. The basis for GEICO's denial was the same as the position which it has taken in this lawsuit, *i. e.*, White had not incurred the medical expenses at issue.

White was discharged from St. Albans Hospital on August 31, 1972. The reasonable value of the medical care which White received was computed by the Navy on September 1, 1972. Thus, the Navy's total damages became ascertainable on September 1, 1972, and, since GEICO had already

---

5. There is an endorsement specifically excluding payments to the United States under the "liability coverage" of the policy, but no such limitation is expressed as to the medical payments coverage.

6. See *Spang Indus., Inc., Fort Pitt Bridge Div. v. Aetna Cas. & Sur. Co.*, 512 F.2d 365, 371 (2d Cir. 1975); N.Y.Civil Practice Law & Rules § 5001(a) (McKinney 1963).

7. N.Y.Civil Practice Law & Rules § 5001(b) (McKinney 1963).

disclaimed liability, plaintiff's cause of action may be said to have existed as of September 1, 1972.[8]

Accordingly, the government's motion for summary judgment, pursuant to Rule 56, Fed.R.Civ.P., is granted. The United States is entitled to recover from defendant the sum of $5,000.00, plus interest computed at the legal rate from September 1, 1972.

GEICO's motion for summary judgment is denied in all respects.

So ordered.

8. See *Rock Transport Properties Corp. v. Hartford Fire Ins. Co.*, 312 F.Supp. 341, 348 (S.D.N. Y.), *aff'd*, 433 F.2d 152 (2d Cir. 1970).