NexBank, SSB v Soffer (2019 NY Slip Op 04341)





NexBank, SSB v Soffer


2019 NY Slip Op 04341


Decided on June 4, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 4, 2019

Friedman, J.P., Gische, Webber, Kahn, Oing, JJ.


9125 652072/13

[*1]NexBank, SSB, Plaintiff-Respondent-Appellant,
v
Jeffrey Soffer, et al., Defendants-Appellants-Respondents.


Meister Seelig & Fein LLP, New York (Christopher J. Major of counsel), for appellants-respondents.
Debevoise & Plimpton LLP, New York (Shannon Rose Selden of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered October 18, 2017, which, insofar as appealed from, denied defendants' motion for partial summary judgment and granted in part and denied in part plaintiff's motion for partial summary judgment, unanimously modified, on the law, to deny plaintiff's motion in its entirety, and to grant so much of defendants' motion as sought to dismiss plaintiff's claim for damages for purported harm caused by the alleged unmarketability of Town Square Las Vegas (Town Square), and otherwise affirmed, without costs.
The history of this extensive litigation, useful as background for the present appeal, is recited in our order deciding a prior appeal (see 144 AD3d 457 [1st Dept 2016]).
The difference between the unencumbered value of Town Square and its value as encumbered by a lis pendens and an action (in Nevada state court) for specific performance for transfer of that property is not a loss that was incurred by plaintiff, as required by defendants' guaranty. Under New York law, which governs the guaranty, " incurred means become liable for'" (Rubin v Empire Mut. Ins. Co., 25 NY2d 426, 429 [1969], quoting Beekman v Van Dolsen, 70 Hun 288, 294 [1893]). Clearly, plaintiff did not become liable for the difference between the encumbered and unencumbered value of Town Square.
Plaintiff contends that the above definition of "incurred" applies only in the insurance context. However, while Rubin dealt with insurance, Beekman, which Rubin quoted, involved a guaranty. Moreover, although plaintiff sues for breach of a guaranty, it relies on cases involving a covenant against encumbrances or a warranty of title (see Yonkers City Post No. 1666, Veterans of Foreign Wars of U.S. v Josanth Realty Corp., 67 NY2d 1029 [1986]; West 90th Owners Corp. v Schlechter, 165 AD2d 46 [1st Dept 1991], lv dismissed 77 NY2d 939 [1991]). However, "[a] guaranty is to be interpreted in the strictest manner" (White Rose Food v Saleh, 99 NY2d 589, 591 [2003]). Rules about warranty of title should not be "indiscriminately extended[ed]" to the guaranty context (L. Smirlock Realty Corp. v Tit. Guar. Co., 97 AD2d 208, 222 [2d Dept 1983], mod on other grounds 63 NY2d 955 [1984]).
In any event, the measure of damages for breach of the covenant against encumbrances is either the cost of removal of the encumbrance or the difference in value between the land with the encumbrance and without it (Smirlock, 97 AD2d at 222). Where an encumbrance cannot be removed, the measure of damages ordinarily will be the difference between the value of the property without the defect in title and its value with the defect (id. at 226). In the case at bar, the [*2]defect — the lis pendens and the Nevada action — could be removed. Hence, the measure of damages would be plaintiff's cost to remove the defect, i.e., its attorneys' fees in the Nevada litigation, which has been otherwise resolved.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 4, 2019
CLERK