10-4305-cv
Metz v. United States Life Insurance Company

# United States Court of Appeals
## FOR THE SECOND CIRCUIT

August Term 2011

Argued: September 28, 2011          Decided: December 8, 2011

No. 10-4305

---

FLORENCE H. METZ,

*Plaintiff-Appellant,*

-v.-

THE UNITED STATES LIFE INSURANCE COMPANY
IN THE CITY OF NEW YORK,

*Defendant-Appellee.*

---

Before: WALKER, STRAUB, and LIVINGSTON, *Circuit Judges.*

Plaintiff-Appellant Florence Metz ("Metz") appeals from a judgment and order

of the United States District Court for the Southern District of New York (Jones, *J.*)

granting Defendant-Appellee United States Life Insurance Company's ("U.S. Life")

motion to dismiss Metz's complaint pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure. Metz sued U.S. Life for failing to pay insurance benefits to which she

claimed to be entitled under the terms of her insurance policy with U.S. Life, as those

terms are putatively interpreted under New York law. U.S. Life contended that it was

instead U.S. Life's refusal to pay benefits that was grounded in the proper definition

given by New York law to the relevant terms. The district court agreed with U.S. Life's

view and dismissed the complaint. Finding no error in the district court's interpretation of the insurance policy, we AFFIRM.

> NOAH H. KUSHLEFSKY, Kreindler & Kreindler LLP, New York, New York (Gretchen M. Nelson, Kreindler & Kreindler, Los Angeles, California; Allan A. Shenoi and Daniel J. Koes, Shenoi Koes, LLP, Pasadena, California *on the brief*) for *Plaintiff-Appellant.*

> LEE E. BAINS, JR., Maynard, Cooper & Gale, P.C. (Michael D. Mulvaney, Edward A. Hosp, and Christopher C. Frost, Maynard, Cooper & Gale; Fred N. Knopf and Michelle M. Arbitrio, Wilson, Elser, Moskowitz, Edelman & Dicker LLP *on the brief*) for *Defendant-Appellee.*

PER CURIAM:

Plaintiff-Appellant Florence Metz ("Metz") sued United States Life Insurance Company ("U.S. Life"), with which she has a catastrophic medical insurance policy, because U.S. Life told her that she had not yet "incurred" sufficient charges to satisfy its deductible. Metz claimed that U.S. Life's refusal to pay benefits rested on a deliberate misinterpretation of "incurred" and breached the insurance contract. She appeals from a September 22, 2010 judgment of the United States District Court for the Southern District of New York (Jones, *J.*), granting U.S. Life's motion to dismiss for failure to state a claim. The district court held that Metz, a Medicare recipient, could not have incurred charges that her physicians had agreed with Medicare to forgo prior to providing treatment. On appeal, Metz argues that the district court incorrectly read "incurred" (as in "incurred charge") in the insurance policy as including only those amounts that the insured paid or was legally obligated to pay. She contends that,

properly understood, the amount of an incurred charge for medical treatment is instead the full reasonable and customary charge for that treatment. We hold that the district court correctly interpreted "incurred," and therefore affirm.

## BACKGROUND

In 1995, Florence Metz took out a catastrophic care insurance policy from U.S. Life. The policy, as it pertains to Metz, carries a $25,000 deductible. The policy's coverage and benefits go into effect once the insured has satisfied the deductible, which in turn requires the insured to have "incurred" at least $25,000 in "reasonable and customary" charges for certain medical treatments listed in the policy. At issue here is only whether Metz in fact "incurred" those charges.

In September 2007, Metz, under the belief that she had incurred the requisite $25,000 in charges, filed a claim with U.S. Life for medical benefits under the policy. U.S. Life, however, denied her claim. Discussions between Metz and her representatives and U.S. Life failed to resolve the dispute, and in August 2009, Metz brought a putative class action, seeking declaratory and injunctive relief and damages, in California state court.[1] U.S. Life removed the matter to federal district court in California, under the court's general diversity jurisdiction, 28 U.S.C. § 1332(a),[2] and the Class Action Fairness Act, 28 U.S.C. § 1332(d), then obtained a transfer of venue to the Southern District of New York.

---

[1] The district court granted U.S. Life's motion to dismiss before Metz moved for class certification; certification and any issues raised thereby are not at issue on appeal.

[2] Metz is a resident of California, and U.S. Life is a New York corporation.

U.S. Life moved to dismiss under Federal Rule of Civil Procedure 12(b)(6); it argued that its denial of Metz's claim was consistent with the accepted definition of "incurred" for insurance purposes under New York law,[3] namely "to become liable or subject to." U.S. Life argued that Metz could not be liable for expenses that her doctors were legally bound, under their preexisting agreements with Medicare, not to charge her. For her part, Metz argued that "incurred" refers to the full amount representing a reasonable and customary charge for treatment, regardless of whether an insured paid or was legally obligated to pay that full amount.

The district court concluded that one cannot be liable for or subject to medical treatment charges that a doctor has agreed ahead of time to forgo. Accordingly, the court held that Metz's construction of the contract was unreasonable and without basis in New York law, and thus that the complaint failed to state a claim upon which relief could be granted. This appeal followed.

## DISCUSSION

We review *de novo* a district court's dismissal of a complaint under Rule 12(b)(6). *Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital Inc.*, 531 F.3d 190, 194 (2d Cir. 2008). We must "accept[] all factual allegations as true and draw[] all reasonable inferences in favor of the plaintiff." *ECA & Local 134 IBEW Joint Pension Trust of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 196 (2d Cir. 2009). "To survive a motion to dismiss, a complaint must plead enough facts to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted).

---

[3] The policy, attached as an exhibit to the complaint, states that it was "issued in and governed by the laws of New York."

# I.

The parties do not dispute that this appeal is controlled by New York substantive law, which defines "incurred" for insurance purposes as "to become liable or subject to." New York precedent makes clear that in this context liability for a charge begins at the time of treatment for which the charge is imposed, and that an insured may be considered liable for a charge even if the insured does not ultimately pay that charge in full or in part. *See, e.g.*, *Rubin v. Empire Mut. Ins. Co.*, 25 N.Y.2d 426, 429 (1969). Metz argues that she therefore incurred the full amount of the reasonable and customary charges for certain treatments simply by undergoing treatment.

The question, however, is not whether Metz incurred the dollar amounts of certain charges at the time of treatment, but *which* amounts she in fact incurred. On appeal, Metz does not contest the district court's view that, under the applicable regulatory framework, physicians treating Medicare beneficiaries agree prior to treatment that they will not seek amounts exceeding the Medicare-approved fee. To incur a charge under New York law, an insured must *at some point* be legally liable to pay that charge, even if liability is later extinguished prior to payment by the insured. *Rubin*, 25 N.Y.2d at 429. Metz cannot, as she contends, incur a charge for which she implicitly concedes she was *never* liable.[4] We find no error in the district court's

---

[4] Metz does not allege that any of her doctors actually attempted to charge her more than the amounts permitted in their agreements with Medicare, or that she faced liability at any point for more than the Medicare-approved amounts for any other reason. We need not and do not resolve whether such allegations, if present, would produce a different result.

conclusion that Metz did not incur more than the amounts that her physicians had agreed ahead of time they would seek from her.

## II.

Metz also contends on appeal that the district court erred by dismissing the complaint with prejudice, thus implicitly denying her request for leave to amend in the event of dismissal. We review the denial of leave to amend for abuse of discretion. *Green v. Mattingly*, 585 F.3d 97, 104 (2d Cir. 2009).

Here, Metz sought leave to amend only in the final sentence of her opposition to the motion to dismiss. On appeal, she does not advance new factual allegations that she would make if granted leave to amend, but merely claims in conclusory fashion that had she been permitted to amend, she could have pled allegations sufficient to make out a claim under the district court's construction of the policy. We find no abuse of discretion in these circumstances. *See Pacific Inv. Mgmt. Co. v. Mayer Brown LLP*, 603 F.3d 144, 160-61 (2d Cir. 2010).

## CONCLUSION

We have reviewed Metz's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.