11-4378-cv
Spataro v. Glenwood Supply

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of October, two thousand twelve.

PRESENT:  REENA RAGGI,
              PETER W. HALL,
              DEBRA ANN LIVINGSTON,
                  *Circuit Judges*.

-----------------------------------------------------------------------

MARIO SPATARO,
                *Plaintiff-Appellant*,


       v.                                   No. 11-4378-cv

GLENWOOD SUPPLY,
                *Defendant-Appellee.*

-----------------------------------------------------------------------

FOR APPELLANT:      Mario Spataro, *pro se*, South Amboy, New Jersey.

FOR APPELLEE:       Howard M. Miller, John S. Ho, Hilary L. Moreira, Bond, Schoeneck & King, PLLC, Garden City, New York.


Appeal from a judgment of the United States District Court for the Eastern District of New York (Dora L. Irizarry, *Judge*; Cheryl L. Pollak, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on October 4, 2011 is AFFIRMED.

Mario Spataro appeals pro se from the dismissal of his complaint, charging his alleged former employer, Glenwood Supply, with age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"), and the New York State Human Rights Law, N.Y. Exec. Law § 290 ("NYSHRL").[1]  In reviewing the challenged dismissal de novo, see Forest Park Pictures v. Universal Television Network, Inc., 683 F.3d 424, 429 (2d Cir. 2012), we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); accord Metz v. U.S. Life Ins. Co., 662 F.3d 600, 602 (2d Cir. 2011).  A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); accord Forest Park Pictures v. Universal Television Network, Inc., 683 F.3d at 429.  While these principles apply to pro se complaints, we nevertheless read such pleadings liberally to raise the strongest claims they suggest. See

---

[1]Although Glenwood disputes that it ever employed Mr. Spataro, we must accept the allegation as true for purposes of this appeal. Hess v. Cohen & Slamowitz LLP, 637 F.3d 117, 119 (2d Cir. 2011).

Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009); Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474–75 (2d Cir. 2006).

To establish a prima facie case of discrimination under either the ADEA or the NYSHRL, a plaintiff must show "(1) that [he] was within the protected age group, (2) that [he] was qualified for the position, (3) that [he] experienced adverse employment action, and (4) that such action occurred under circumstances giving rise to an inference of discrimination." Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 107 (2d Cir. 2010); see Abdu-Brisson v. Delta Air Lines, Inc., 239 F.3d 456, 466 (2d Cir. 2001) (applying these requirements to NYSHRL claim).

Here, an independent review of the record and relevant case law reveals that the magistrate judge correctly followed these principles in recommending dismissal of Spataro's complaint, which recommendation the district court properly adopted. We affirm for substantially the same reasons stated by the magistrate judge in her thorough September 12, 2011 report and recommendation.

We have considered all of Spataro's arguments and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

3