12-3634-cv
Landmark Ventures, Inc. v. Wave Systems Corp.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand thirteen.

PRESENT: BARRINGTON D. PARKER,
RAYMOND J. LOHIER, JR.,
*Circuit Judges,*
JOHN G. KOELTL,[*]
*District Judge.*

------------------------------------------------------------------

LANDMARK VENTURES, INC.,

*Plaintiff-Appellant,*

v.                                                                No. 12-3634-cv

WAVE SYSTEMS CORP., SAFEND LTD., SAFEND INC.,

*Defendants-Appellees.*

------------------------------------------------------------------

---

[*] The Honorable John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT:          William B. Flynn, McCabe & Flynn LLP, Rockville Centre, NY.

FOR APPELLEES:          Edward L. Powers, Michael A. Granne, Zukerman Gore Brandeis & Crossman, LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Crotty, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant Landmark Ventures, Inc. ("Landmark") appeals from a September 5, 2012 judgment dismissing its amended complaint against Defendants-Appellees Safend Inc. ("Safend"), Safend Ltd. ("Limited"), and Wave Systems Corp. ("Wave") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The amended complaint alleged that Safend breached a December 20, 2007 contract with Landmark ("the Agreement") by failing to pay fees for Landmark's services and by working with a former Landmark employee. The District Court concluded that Landmark failed to state a claim for breach of contract and noted that Landmark's allegations provided no basis for piercing the corporate veil and reaching Safend's parent corporations, Limited and Wave. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

"We review a district court's dismissal of a complaint pursuant to Rule 12(b)(6) <u>de novo</u>. The court accepts all well-pleaded allegations in the complaint as true, drawing all reasonable inferences in the plaintiff's favor." <u>Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC</u>, 595 F.3d 86, 91 (2d Cir. 2010). "Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered." <u>Roth v. Jennings</u>, 489 F.3d 499, 509 (2d Cir. 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

2

accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

We reject Landmark's argument that Safend breached the Agreement by failing to make payments for services rendered. The Agreement provides that it is governed by the laws of New York. To state a claim for breach of contract under New York law, a plaintiff must allege "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." Harsco Corp. v. Segui, 91 F.3d 337, 348 (2d Cir. 1996). The amended complaint alleges only that "Landmark has duly performed [its] obligations . . . under the Agreement," and that "defendants owe Landmark certain sums of money for such Services and ha[ve] failed to account therefor, despite being duly demanded by Plaintiff." It alleges that while some fees have been paid, "additional amounts are owed."

These allegations are no more than "mere conclusory statements," Iqbal, 556 U.S. at 678, and do not present sufficient factual matter to state a plausible claim for relief. Assuming the Agreement was a valid contract between the parties, Landmark fails to identify any service it performed for which it was not paid. The Agreement provides that Safend will pay Landmark a "Sales Fee" if Landmark introduces Safend to an executive from a target company and that introduction results in a transaction from which Safend "actually receive[s]" revenues. The amended complaint does not identify a single introduction for which Landmark has not been compensated.[1] It also does not allege that

---

[1] In its opposition to the defendants' motion to dismiss, Landmark appended emails noting that Safend had received purchase orders from UPS, resulting in a commission for Landmark. Because these were not attached to the amended complaint, they are not properly considered on a motion to dismiss. See Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991). Further, neither these emails nor Landmark's brief states that Safend actually received revenues from its transaction with UPS, which is a condition precedent to Safend's obligation to pay Sales Fees under the Agreement.

3

Safend failed to pay monthly "Consulting Fees," as provided in the Agreement. The complaint therefore fails to allege a breach of contract, and it fails to state a claim.

We also reject Landmark's argument that Safend breached the Agreement by working with former Landmark employee Louis Robert Gallucci less than two years after he left his job with Landmark. In Paragraph 4 of the Agreement, Safend "agree[d] not to hire or offer any type of employment opportunities to Landmark Partners and Employees during the period of engagement plus an additional two (2) years, unless an express waiver is agreed upon in writing." The complaint fails to allege that Gallucci was employed by Landmark at the time when Safend offered him an employment opportunity.

"Construing an unambiguous contract provision is a function of the court . . . ." Cruden v. Bank of N.Y., 957 F.2d 961, 976 (2d Cir. 1992). By its own terms, Paragraph 4 applies only to "Landmark Partners and Employees," not former employees. Contrary to Landmark's reading of the provision, "the period of engagement plus an additional two (2) years" refers to the period of engagement between Landmark and Safend, not between Landmark and the employee. The word "engagement" is used throughout the contract to refer to the relationship between Landmark and Safend. Paragraph 4 unambiguously forbids Safend only from hiring or offering employment to persons who are Landmark partners and employees at the time of Safend's offer; in other words, it prevents Safend from "poaching" Landmark's employees. Safend did not breach the Agreement by working with Gallucci after he left his employment with Landmark.

As Landmark's complaint failed to state a breach of contract claim, we need not address its veil-piercing arguments with regard to Limited and Wave. In any event, Landmark's allegations would be insufficient to pierce the corporate veil and reach Safend's parent companies under New York law. None of the allegations in Landmark's complaint suggest Wave or Limited abused Safend's corporate form to perpetrate a wrong or injustice against Landmark. See Morris v. N.Y. State Dep't of Taxation & Fin., 623

4

N.E.2d 1157, 1161 (N.Y. 1993); <u>ABN AMRO Bank, N.V. v. MBIA Inc.</u>, 952 N.E.2d 463, 475 (N.Y. 2011).

We reject Landmark's argument that the District Court should have granted it leave to amend. "We review the denial of leave to amend for abuse of discretion." <u>Metz v. U.S. Life Ins. Co. in City of New York</u>, 662 F.3d 600, 603 (2d Cir. 2011). Landmark's request to amend consisted of a single sentence in its memorandum in opposition to the defendants' motion to dismiss. Further, Landmark does not disclose what new facts it would allege in an amended complaint. <u>See</u> <u>id.</u>; <u>Pac. Inv. Mgmt. Co. v. Mayer Brown LLP</u>, 603 F.3d 144, 160-61 (2d Cir. 2010).

We have considered all of Landmark's other arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5