13-1543-cv
Rodriguez v. County of Nassau

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand thirteen.

Present:
        ROBERT A. KATZMANN,
                *Chief Judge*,
        RALPH K. WINTER,
        GUIDO CALABRESI,
                *Circuit Judges*.

---

SEBASTIAN RODRIGUEZ,

        *Plaintiff-Appellant*,

        v.                                                                    No. 13-1543-cv

COUNTY OF NASSAU, NASSAU COUNTY
CIVIL SERVICE COMMISSION, NASSAU
COUNTY POLICE DEPARTMENT,

        *Defendants-Appellees*.

---

For Plaintiff-Appellant:           THOMAS F. LIOTTI, Law Offices of Thomas F. Liotti, Garden
                                   City, NY.

For Defendants-Appellees:          JACKIE L. GROSS, Deputy County Attorney, *for* John Ciampoli,
                                   Nassau County Attorney, Mineola, NY.

Appeal from the United States District Court for the Eastern District of New York (Wexler, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Sebastian Rodriguez appeals from an April 2, 2013 judgment of the United States District Court for the Eastern District of New York (Wexler, *J.*). That judgment enforced a Memorandum and Order dated March 27, 2013, dismissing as time-barred Rodriguez's claim that he was denied employment as a Nassau County Correction Officer on the basis of national origin in violation of federal law, and declining to exercise jurisdiction over his related state law claims. We assume the parties' familiarity with the relevant facts, the procedural history, and the issues presented for review.

"We review *de novo* a district court's dismissal of a complaint under Rule 12(b)(6)," taking "all factual allegations as true and draw[ing] all reasonable inferences in favor of the plaintiff." *Metz v. U.S. Life Ins. Co.*, 662 F.3d 600, 602 (2d Cir. 2011) (per curiam) (internal quotation marks omitted). If the allegations of the complaint "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007). "We review a district court's decision to deny equitable tolling for abuse of discretion." *Zerilli-Edelglass v. N.Y. City Transit Auth.*, 333 F.3d 74, 81 (2d Cir. 2003).

Rodriguez alleges that the defendants refused to consider his application for employment on the basis of national origin in violation of his constitutional rights under 42 U.S.C. § 1983, as well as his federal statutory rights under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a)(1).

2

Rodriguez does not dispute that if the statute of limitations were to run from June 11, 2008, the date that the Nassau County Civil Service Commission ("the Commission") informed Rodriguez that he was disqualified from the correction officer application process, each of these claims would be time-barred. Thus, we deem this issue waived. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

However, Rodriguez argues that the district court erroneously rejected his argument that the statute of limitations on each of these claims should be extended because the "continuing violation" doctrine should apply. Under the continuing violation doctrine, "if a plaintiff has experienced a continuous practice and policy of discrimination, the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it." *Fitzgerald v. Henderson*, 251 F.3d 345, 359 (2d Cir. 2001) (internal quotation marks and ellipsis omitted). Rodriguez argues that he experienced a continuous practice of discrimination over the course of his various challenges to the Commission's determination, up to and including his April 23, 2012 mailing of a letter to Nassau County Executive Edward Mangano requesting reconsideration, and therefore the statute of limitations should not bar his claims based on the defendants' earlier actions.

We disagree. A refusal to hire is a "discrete act[]" that "constitutes a separate actionable 'unlawful employment practice,'" such that the applicable statute of limitations begins to run from the date of the adverse hiring decision. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). Nor do Rodriguez's efforts to challenge the Commission's decision, including his April 2012 letter, turn a discrete event into a continuing practice of discrimination. *See Del. State Coll. v. Ricks*, 449 U.S. 250, 261 (1980) ("[T]he pendency of a grievance, or some other

3

method of collateral review of an employment decision, does not toll the running of the limitations periods."). Thus, we find that the district court correctly rejected the application of the continuing violation doctrine and found Rodriguez's federal claims to be time-barred.

Additionally, we reject Rodriguez's claim that the statute of limitations should be equitably tolled because he acted promptly in pursuing state court review of the Commission's determination and was "lulled into inaction" when the state trial court in that action ruled in his favor. "[E]quitable tolling is only appropriate in rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli-Edelglass*, 333 F.3d at 80 (internal quotation marks, citations, and brackets omitted). Here, the district court did not abuse its discretion in refusing to apply equitable tolling, as Rodriguez's explanation for why he failed to timely file this action, while timely filing a state law action relating to the same events (though not raising the same claims), does not satisfy his burden of showing "extraordinary" circumstances.[1]

We have considered Rodriguez's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[1] Rodriguez does not challenge on appeal the district court's refusal to exercise supplemental jurisdiction over his state law claims, and so we treat this issue as waived as well. *See Norton*, 145 F.3d at 117.