Pajooh v. N.Y.C. Dep't of Sanitation

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand thirteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> RALPH K. WINTER,
> GUIDO CALABRESI,
> > *Circuit Judges.*

---

Randy K. Pajooh,

> *Plaintiff - Appellant*,

> v.                                                      No. 12-4252-cv

Department of Sanitation City of New York,
Local 831 Sanitation Workers Union,

> *Defendants - Appellees.*

---

| | |
|---|---|
| For Plaintiff-Appellant**:** | Randy Pajooh, *pro se*, Bronx, NY |
| For Defendants-Appellees**:** | Deborah A. Brenner, Assistant Corporation Counsel, New York, NY, *for* the City of New York, Department of Sanitation |

Alan Mark Klinger (Allyson Rucinski and Dina Kolker, *of counsel*), Stroock & Stroock & Lavan LLP, New York, NY, *for* Local 831 Sanitation Workers Union

Appeal from a judgment of the United States District Court for the Southern District of New York (Swain, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Randy Pajooh, proceeding *pro se*, appeals from a September 27, 2012 judgment entered by the United States District Court for the Southern District of New York (Swain, *J.*) dismissing Pajooh's employment discrimination claims against his former employer, the New York City Department of Sanitation ("DOS"), and his former union, the Local 831 Sanitation Workers Union (the "Union"). We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal. "We review *de novo* a district court's dismissal of a complaint under Rule 12(b)(6)," taking "all factual allegations as true and draw[ing] all reasonable inferences in favor of the plaintiff." *Metz v. U.S. Life Ins. Co.*, 662 F.3d 600, 602 (2d Cir. 2011) (per curiam) (internal quotation marks omitted).

First, we find that Pajooh's claim against the DOS brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a)(1), is barred under principles of claim and issue preclusion. As the district court noted, the allegations in Pajooh's Verified Complaint in the New York State Division of Human Rights and the complaint in this action "emerge from the same set of events and allegations, namely that

2

Plaintiff suffered discrimination and retaliation by the DOS on account of his national origin and race." *Pajooh v. Dep't of Sanitation City of N.Y.*, No. 11 Civ. 3116, 2012 WL 4465370, at *3 (S.D.N.Y. Sept. 27, 2012). The New York State Division of Human Rights dismissed Pajooh's complaint after finding a lack of evidence to support his allegations; that determination was upheld by both the New York State Supreme Court and the New York State Appellate Division, First Department. *See Pajooh v. State Div. of Human Rights*, 82 A.D.3d 609 (N.Y. App. Div. 2011). The dismissal of Pajooh's state action was a final judgment on the merits of a factually identical claim, and therefore Pajooh is barred from re-raising those claims here. *See Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 479–85 (1982) (finding a Title VII action precluded in analogous circumstances). Pajooh likewise previously raised in state court his argument that the Division of Human Rights' decision was "procured by extrinsic fraud," and thus he is not entitled to relitigate that argument here. Accordingly, the district court properly dismissed Pajooh's Title VII claim against the DOS.

Second, we agree with the district court that Pajooh's Title VII claim against the Union is time-barred for failure to file a charge against the Union with the Equal Employment Opportunity Commission ("EEOC") prior to bringing this action. *See* 42 U.S.C.A. § 2000e-5(f)(1) (limiting complainant's right to sue to "the respondent named in the charge"). Although Pajooh included the Union's name and address in his intake questionnaire submitted to the EEOC, his descriptions of his claims fail to mention the Union; Pajooh's underlying Verified Complaint submitted to the New York State Division of Human Rights named only the DOS; and the EEOC's "Right To Sue" letter included only the DOS as a respondent, having adopted the state proceeding's findings. Under these

circumstances, Pajooh failed to provide sufficient notice to the Union that he intended to assert a discrimination claim against it, and therefore the district court properly found that Pajooh failed to name the Union as a respondent in his EEOC charge. Additionally, because there is no identity of interest between the DOS and the Union, as is required to allow Pajooh to assert his claim against the Union as an unnamed party, Pajooh's Title VII claim against the Union was properly dismissed. *See Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 619–20 (2d Cir. 1999) (affirming dismissal of a Title VII claim where the plaintiff named only his employer and not his union in his EEOC charge).

Finally, we conclude that the district court did not abuse its discretion in refusing to exercise jurisdiction over Pajooh's state law claims after dismissing his Title VII claims, as "[i]t is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims." *Klein & Co. Futures, Inc. v. Bd. of Trade of City of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006).

We have considered Pajooh's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4