13-3281
*Cohen v. City of New York*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 10th day of September, two thousand fourteen.

Present:     ROBERT A. KATZMANN,
                      *Chief Judge*,
                 ROBERT D. SACK,
                 GERARD E. LYNCH,
                      *Circuit Judges.*

_____

STUART H. COHEN,

     *Plaintiff-Appellant*,

     - v -                                                    No. 13-3281

CITY OF NEW YORK, CITY OF NEW YORK
DEPARTMENT OF CORRECTION,

     *Defendants-Appellees.*

_____

For Plaintiff-Appellant:          EVAN M. GOLDBERG (Robert Powers, *on the brief*), Law
                                              Offices of Ira S. Newman, Great Neck, NY

For Defendants-Appellees:      DRAKE A. COLLEY (Edward F.X. Hart, *on the brief*), *for*
                                              Zachary W. Carter, Corporation Counsel of the City of
                                              New York, New York, NY

1

Appeal from the United States District Court for the Eastern District of New York (Mauskopf, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Stuart H. Cohen appeals from an August 5, 2013 judgment of the U.S. District Court for the Eastern District of New York (Mauskopf, *J.*), dismissing Cohen's complaint alleging that the New York City Department of Correction ("DOC") and the City of New York (collectively "defendants") discriminated against him in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA") and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.* We presume the parties' familiarity with the issues on appeal, as well as the underlying facts and procedural history of this case.

The only issue on appeal is whether the district court erred in dismissing Cohen's ADA discrimination claim as untimely. The district court concluded that Cohen's ADA claim accrued at the latest on July 16, 2008—the date that he accepted the defendants' retirement offer—and consequently that his claim was time-barred because he filed his complaint of discrimination on September 3, 2009, more than 300 days later. In so holding, the district court rejected Cohen's argument that the limitations period should be extended by the "continuing violation" doctrine, on the ground that the allegations in the complaint did not make out a continuing violation. On appeal, Cohen contends that the district court erred in finding that he failed to adequately allege a continuing violation and maintains that, since he was subject to a pattern of discrimination that continued until he left DOC's employ, his claim did not accrue until November 16, 2008—the date that his retirement became effective.

"We review the question of the application of the relevant statute of limitations . . . *de novo*," *Novella v. Westchester Cnty.*, 661 F.3d 128, 143 (2d Cir. 2011), taking "all factual

2

allegations as true and draw[ing] all reasonable inferences in favor of the plaintiff." *Metz v. U.S. Life Ins. Co.*, 662 F.3d 600, 602 (2d Cir. 2011) (per curiam) (internal quotation marks omitted).

On appeal, Cohen argues that the district court erred by focusing on the events that led to his retirement rather than the continuing discrimination that he allegedly experienced both before and after the July 16, 2008 hearing. He contends that he was subject to disparate treatment and a hostile work environment marked by discriminatory acts including DOC's failure to respond to his request for a reasonable accommodation, designation of him as a chronically absent employee, lodging of disciplinary charges, and refusal to dismiss the charges until the effective date of his retirement. He argues that, under the continuing violation doctrine, the statute of limitations should run from his last day of work, which was the point at which (1) it became clear that DOC was not going to grant his request for a reasonable accommodation, and (2) the disciplinary charges were no longer pending.

Cohen argues that the complaint alleges that DOC violated its duty to provide a reasonable accommodation. He contends that the district court ignored his allegations that DOC discriminated against him by refusing to respond to his request for a reasonable accommodation so that he could return to his regular post as a corrections officer, and that this violation continued through his last day of work because he was not notified that his request was rejected. In arguing that he adequately pleaded a violation of the ADA, he points to the allegations in the complaint stating that he requested a reasonable accommodation from his employer, followed up on it, and received no response. But even assuming that he has adequately pleaded that DOC violated the ADA in failing to respond to his request for a reasonable accommodation so that he could continue to work as a corrections officer, it is also clear from the allegations that his claim would be time-barred. The complaint alleges that, on July 16, 2008, the parties agreed that

Cohen would retire. At that point, at the latest, it became clear that DOC was not going to grant him an accommodation to continue working as a corrections officer. Thus Cohen "knew or should have known," *Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir. 1999), of the latest of the discriminatory acts that he alleges on July 16, 2008, and it was at that point that his claim accrued. *See id*. at 248 (explaining that "we look not only at what [the plaintiff] actually knew but also at what he had reason to know"). Given this, we agree with the district court's conclusion that any claim based on DOC's failure to respond would be time-barred under *Delaware State Coll. v. Ricks*, 449 U.S. 250 (1980). *See id*. at 258-59 (finding that the plaintiff's claim accrued when the relevant decision was made and communicated to the plaintiff, not on the date that the plaintiff experienced the effects of that decision).

Cohen also argues on appeal that the complaint alleges a second, much broader continuing violation consisting of discriminatory acts including the decision to discipline Cohen for his absences—in violation of DOC policy—and the refusal to dismiss the disciplinary charges once he agreed to retire. These acts, in Cohen's view, are related because they functioned to prevent Cohen from objecting to unfairly-lodged disciplinary charges and ultimately force him out of the DOC workforce. We need not decide whether these allegations constitute a continuing violation because, even if the decision to leave the disciplinary proceedings pending was a separate act of discrimination, Cohen knew or should have known of this decision by July 16, 2008, as well. Cohen concedes that, at the July 16, 2008 hearing, DOC indicated that it intended to leave the charges pending until Cohen's last day of work. Accordingly, we agree with the district court's conclusion that, under *Ricks*, 449 U.S. at 259, any claim of discrimination related to the decision to leave disciplinary charges pending accrued no

4

later than July 16, 2008, more than 300 days before Cohen filed his complaint of discrimination.

Thus, Cohen's claim of discrimination based on the disciplinary proceedings was time-barred.

We have considered Cohen's remaining arguments and find them to be without merit.

The judgment of dismissal is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK