14-1998-cv
*Long v. Quorum Health*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand fifteen.

Present:    ROBERT A. KATZMANN,
                         *Chief Judge*,
                  AMALYA L. KEARSE,
                  REENA RAGGI,
                         *Circuit Judges.*

―――――――――――――――――――――――――――――――――――――――

RAYMOND A. LONG, M.D.,

                         *Plaintiff-Appellant*,

                  v.                                                    No. 14-1998-cv

QUORUM HEALTH RESOURCES, L.L.C. and NORTHWESTERN
MEDICAL CENTER, INC.,

                         *Defendants-Appellees*.

―――――――――――――――――――――――――――――――――――――――

For Plaintiff-Appellant:           JUDD BURSTEIN, Judd Burstein, P.C., New York, NY.

For Defendants-Appellees:      RACHEL M. WERTHEIMER (Karen Frink Wolf, *on the brief*),
                                             Verrill Dana, LLP, Portland, ME.

Appeal from the United States District Court for the District of Vermont (Sessions, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Dr. Raymond A. Long appeals from a final order entered on May 6, 2014 by the United States District Court for the District of Vermont (Sessions, *J.*), which granted the defendants' motion to dismiss both his libel and tortious interference claims and denied his motion for leave to amend. We assume the parties' familiarity with the relevant facts, the procedural history, and the issues presented for review.

"We review *de novo* a district court's dismissal of a complaint under Rule 12(b)(6)," taking "all factual allegations as true and draw[ing] all reasonable [factual] inferences in favor of the plaintiff." *Metz v. U.S. Life Ins. Co. in the City of N.Y.*, 662 F.3d 600, 602 (2d Cir. 2011) (per curiam) (internal quotation marks omitted). We review for abuse of discretion the district court's denial of plaintiff's motion for leave to amend. *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). "However, if the denial of leave to amend is based upon a legal interpretation [such as futility], we review it *de novo*." *Gorman v. Consol. Edison Corp.*, 488 F.3d 586, 592 (2d Cir. 2007).

On appeal, Dr. Long argues that the district court erred in granting the defendants' motion to dismiss on the two alternative grounds that his suit was barred by res judicata and that he invited the harm. We affirm on the basis that Dr. Long invited the harm. The parties do not dispute the following facts: (1) Dr. Long petitioned the Secretary of the Department of Health and Human Services ("HHS") to investigate a 2004 adverse action report ("AAR") filed by the defendants against him; (2) pursuant to HHS rules, Dr. Long first requested that Defendant-Appellee Northwestern Medical Center voluntarily void the AAR; (3) the Medical Center responded by declining to voluntarily void the AAR; and (4) when given the opportunity, Dr. Long did not withdraw his HHS petition despite the fact that HHS informed him that it might request additional information from the Medical Center and, if his claim ultimately proved unsuccessful, a notation would be added to the AAR.

Dr. Long argues that, even on these facts, defendants are not entitled to the absolute defense of invited harm because: (1) he could not have anticipated that HHS would request allegedly defamatory documents from the Medical Center and that the Medical Center would transmit these documents to HHS; (2) Vermont has not expressly adopted the doctrine of invited harm; and (3) even if Vermont were to adopt the defense of invited harm, Dr. Long's request for HHS review would fall within an exception to that defense. We disagree.

First, the inference that Dr. Long would have us draw—that he could not have anticipated the transmission of documents by the Medical Center to HHS— is unreasonable. Before petitioning HHS, Dr. Long expressly requested that the Medical Center admit its error and void the AAR, and the Medical Center refused. That the Medical Center might be asked by HHS for information that Dr. Long considered defamatory was made clear to him in a letter from HHS stating, "[i]f we need additional information, the assigned Disputes Resolution Manager may contact you and/or the entity that filed the report under review." J.A. 42.

Second, there is no reason to assume that the Vermont Supreme Court would not apply the doctrine of invited harm. The doctrine of invited harm is merely a variant of the well-established rule that consent is an absolute defense to defamation, and, moreover, the Vermont Supreme Court has regularly relied on the Restatement of Torts in defamation cases, even favoring the Restatement over its own precedent. *See, e.g.*, *O'Connor v. Donovan*, 48 A.3d 584, 594 (Vt. 2012) (relying on the Restatement (Second) of Torts in the defamation context); *Lancour v. Herald & Globe Ass'n*, 17 A.2d 253, 257 (Vt. 1941) (relying on the Restatement of Torts for the legal proposition that the publisher of a libelous statement is responsible to the party libeled even if it names the author of that statement, prior Vermont case law "to the contrary notwithstanding").

3

Third, this case does not implicate the exception to the doctrine of invited harm contained in the Restatement (Second) of Torts § 584 for an "honest inquiry or investigation by the person defamed to ascertain the existence, source, content or meaning of a defamatory publication." Dr. Long was aware of the source and content of the Medical Center's allegedly defamatory documents and had already received a sizeable settlement as a result. To permit Dr. Long to petition HHS to review the AAR and then sue the Medical Center for transmitting the same allegedly defamatory statements in response to the resulting request by HHS, would permit an end run around the prior settlement agreement.

Accordingly, we conclude that the district court did not err in dismissing this case on the grounds of invited harm and we decline to consider the district court's alternative holding that the present case was also barred by res judicata. Finally, we also affirm the district court's denial of Dr. Long's motion for leave to amend for substantially the same reasons that Judge Sessions articulated in his thorough and well-reasoned decision.

We have considered Dr. Long's remaining arguments and find them to be without merit. For the reasons given, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

CATHERINE O'HAGAN WOLFE, CLERK